IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOHNNIE L. BATTLES,**

    Petitioner,

vs.                                         Case No. 4:11cv595-RH/CAS

**MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,**[1]

    Respondent.

                                          /

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On November 15, 2011, Petitioner Johnnie L. Battles, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After direction by this Court, Petitioner filed an amended § 2254 petition on March 5, 2012. Doc. 7. On October 31, 2012, Respondent filed a response, Doc. 24, and a corrected response, Doc. 25, with exhibits. Petitioner filed a reply on November 20, 2012. Doc. 26. Petitioner has also filed supplemental replies. Docs. 28, 30.

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth S. Tucker. Michael D. Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the amended § 2254 petition should be denied.

## State Court Proceedings

By information filed on December 10, 2008, in the Second Judicial Circuit, Gadsden County, in case number 08-00726CFA, the State of Florida charged Petitioner Johnnie L. Battles with one count of second degree murder, in violation of section 782.04(2), Florida Statutes, in connection with events that took place on or about October 7, 2006, involving victim Martha Battles, Petitioner's wife.  Doc. 25 Ex. A.  Petitioner Battles proceeded to a jury trial on April 15 through 15, 2010, during which the State presented several witnesses.  *Id.* Ex. B.  Battles did not testify.  *Id.* at 752.  The jury found him guilty as charged.  *Id.* at 846, Ex. C.  Defense counsel filed a Motion for a New Trial alternatively Request for Adjudication of Lesser Included Offense, pursuant to Florida Rules of Criminal Procedure 3.600(a)(2), 3.600(b)(8), and 3.620, which the court denied.  *Id.* Exs. D, E, and G at 5-6.  On April 22, 2010, the trial court judge adjudicated Battles guilty and sentenced him to life in prison.  *Id.* Exs. F, G.

Battles appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D10-2148.  *See* Doc. 25 Ex. H.  Appellate counsel filed

a brief pursuant to Anders v. California, 386 U.S. 738 (1967), indicating the appeal presented no issues of arguable merit. *Id.* Appellate counsel stated he had contacted defense trial counsel who agreed "there are no meritorious issues to be raised in this appeal." *Id.* at 9. Petitioner filed a pro se brief arguing the trial court erred by permitting evidence of a collateral crime (arson of a vehicle) as evidence that Petitioner was involved in the murder; the trial court erred by permitting Petitioner's brother, a jailhouse informant, to testify at trial against Petitioner; and the jury's verdict was contrary to law and the weight of the evidence as alleged in the motion for a new trial. *Id.* Ex. I at 10-15. On June 7, 2011, the First DCA affirmed the case per curiam, with no written opinion. Battles v. State, 66 So. 3d 941 (Fla. 1st DCA 2011). The court denied Battles' motion for rehearing on August 9, 2011, and the mandate issued August 25, 2011. Doc. 25 Exs. J, K.

On September 20, 2011, Battles filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. Doc. 25 Ex. L. Battles asserted "he did have a meritorious claim in stating that the evidence presented by the State was legally insufficient to support the jury's verdict of guilt" and his appellate counsel violated his "Due Process Right by filing an Ander's Brief in behalf of petitioner when the face of the record will show petitioner is entitled to relief." *Id.* at 2. Battles argued his appellate counsel rendered ineffective assistance by failing to file "an adequate Initial Brief for Appellant on the merit of an Abuse of Discretion by Trial Court in the denial of Appellant's Motion for New Trial, pursuant to Rule 3.600(a)(2), 3.600(b)(8), and 3.620, Florida Rules of Criminal Procedure, alternatively request

adjudication of Lesser Included Offense." *Id.* at 3.  On October 19, 2011, the First DCA denied Battles' petition "on the merits."  *Id.* Ex. M; Battles v. State, 72 So. 3d 301 (Fla. 1st DCA 2011).

As indicated above, on November 15, 2011, Battles filed a timely § 2254 petition in this Court.  Doc. 1.  Battles subsequently filed an amended § 2254 petition, raising one ground: "Appellant Counsel was ineffective for failing to raise a prejudicial error of factual innocent that was properly preserved."  Doc. 7 at 4.  Battles argues his "trial counsel properly preserved his claim of factual innocen[ce] by filing a motion for a new trial and the alternative motion requesting adjudication of [a] lesser included offense," this "clearly supports the claim of actual innocen[ce] of the charge of 2nd degree murder," and appellate counsel's failure to raise this point violated his due process rights under the Sixth and Fourteenth Amendments to the U.S. Constitution.  *Id.*

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct. at 1388.

For claims of ineffective assistance of counsel (IAC), the U.S. Supreme Court has adopted a two-part test:

>First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the

> Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687.  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.  For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id.  It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Id.

Petitioner Battles asserts his appellate counsel rendered ineffective assistance by filing an Anders brief in his direct appeal and failing to challenge the trial court's denial of his "Motion for a New Trial alternatively Request for Adjudication of Lesser Included Offense, pursuant to Florida Rules of Criminal Procedure 3.600(a)(2), 3.600(b)(8), and 3.620." Doc. 7 at 4; Doc. 25 Ex. D (motion).  Battles filed a petition for

writ of habeas corpus in the First DCA, asserting ineffective assistance of appellate counsel, for filing the Anders brief.  Doc. 25 Ex. L. The First DCA denied that petition on the merits.  Id. Ex. M; Battles v. State, 72 So. 3d 301 (Fla. 1st DCA 2011).  The First DCA's decision is entitled to deference under 28 U.S.C. § 2254(d).  See Harrington v. Richter, 131 S.Ct. 770, 784-85 (2011); Cullen, 131 S.Ct. at 1402.

"An ineffective assistance of appellate counsel claim is governed by the familiar two-part performance-and-prejudice standard set forth in Strickland . . . ."  Clark v. Crosby, 335 F.3d 1303, 1310 (11th Cir. 2003).  "The filing of an Anders brief does not in itself constitute ineffective assistance of counsel."  Jorge v. United States, 818 F. Supp. 55, 57 (S.D.N.Y. 1993); see, e.g., Mingo v. Witt, No. 6:06cv956-Orl-31KRS, 2007 WL 580616 at *3 (M.D. Fla. Feb. 20, 2007) (order by district judge denying § 2254 petition).  Battles has not shown deficient performance by appellate counsel or demonstrated any prejudice.  See, e.g., Dimick v. Sec'y, Dep't of Corr., No. 5:07cv485, 2010 WL 5092529 at *4 (M.D. Fla. Dec. 8, 2010) (memorandum and order by district judge denying § 2254 petition that alleged ineffective assistance of appellate counsel for filing Anders brief in direct appeal and explaining, in part: "This Anders brief raised seven issues and gave Dimick the opportunity to file a pro se brief raising any additional issues.  The appellate court not only reviewed the issues raised by Dimick and his counsel, but it also undertook an independent review of the entire record to determine if there were issues required for further briefing.  None were found. . . . [Regarding appellate counsel's failure to address jury instruction issue,] Dimick raised this issue in his initial pro se brief.  Furthermore, Dimick fails to identify how the outcome of the appeal would have

been different had his counsel raised this issue.  Dimick thus fails in demonstrating both deficient performance and prejudice; accordingly, his claim on this ground fails."); Mingo, 2007 WL 580616 at *3 ("The issue that Petitioner contends should have been raised by counsel [who filed an Anders brief] was presented in his pro se brief to the appellate court, which rejected the argument.  There has been no showing of either deficient performance or prejudice regarding Petitioner's appellate counsel.").

Further, in his pro se initial brief filed in his direct appeal in the First DCA, Battles himself raised the issue he asserts should have been raised by appellate counsel – the trial court erred in denying the defense motion for a new trial, pursuant to Florida Rule of Criminal Procedure 3.600(a)(2), because the "evidence adduced at trial, while perhaps sufficient to withstand a Motion for Judgment of Acquittal, is not of weight of great enough to sustain a conviction."  Doc. 25 Ex. I at 13; *see id.* Ex. D (Motion for New Trial - Weight of the Evidence [3.600(a)(2)]).  This issue was presented to the state court purely as one of state law.  *See* Doc. 25 Ex. I at iii, 13-15; *see id.* Ex. D.  "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).  "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).

In addition, as Respondent points out, the First DCA does not reweigh evidence and has no authority to reverse a conviction on the ground that the verdict is contrary to the weight of the evidence.  See Tibbs v. State, 397 So. 2d 1120, 1123 (Fla. 1981) ("[T]he concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment.  Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal."); Toliver v. State, 953 So. 2d 713, 715 (Fla. 1st DCA 2007) ("We, as an appellate court, concern ourselves only with the legal sufficiency of the evidence; we do not reweigh evidence."); Robinson v. State, 462 So. 2d 471, 476-77 (Fla. 1st DCA 1984) ("[T]he only avenue for judicial review of the weight of the evidence is by motion for new trial at the trial court level . . . . [Tibbs] places sole responsibility for that discretionary decision upon the trial judge.").

Moreover, the State presented sufficient evidence and testimony to support the conviction.  Doc. 25 Ex. B at 50-52 (testimony of Billy Brown, Captain of Attapulgus Volunteer Fire Department, that he was called in early morning hours of October 8, 2006, to scene of car on fire, and car was registered to John Thomas in Tallahassee, Florida), 106-08 (testimony of Larry Smith, investigator with Gadsden County Sheriff's Office, that he investigated scene on October 7, 2006, where victim's body had been found in river, found Movie Gallery card registered to victim, Martha Battles), 116-29 (testimony of Robert Maxwell, investigator with Gadsden County Sheriff's Office, that he investigated scene of car fire just north of Florida border, found a pair of brown gloves, a

prescription from Tallahassee Memorial Hospital in victim's name, cigarette butt, Florida vehicle tag and tag bracket, blue bottle cap from plastic bottle, pair of women's panties, sunglasses, and pieces of charred glass; the license plate was assigned to a vehicle belonging to John Thomas), 154-63 (testimony of Brett Ingram, who worked with Havana Police Department in 2006 and had contact with Petitioner in the early morning, approximately 2:44 a.m., on October 8, 2006, observing him riding a bicycle at night without a headlight and carrying a bleach bottle, which Petitioner then dropped; Ingram asked Petitioner about the bottle and Petitioner told him it had gasoline in it, when Ingram asked what Petitioner was doing with the gasoline, "[h]e at first stated he didn't want to talk about it and then he said he was going to possibly use it for his push mower"; Petitioner told him he dropped the bottle "because he was going to do something he shouldn't do"; Ingram wrote a detailed report and issued Petitioner a citation for operating bicycle without headlight); 178-96 (testimony of John Thomas, who lived with victim for several years after she separated from Petitioner, that victim would occasionally use his car after dropping him off at work or a job site, which is what occurred on October 7, 2006, and when he got home, the victim and his car were missing; Thomas called his sister and they rode around looking for the victim and the car; when they could not find either, they talked with the Leon County Sheriff's Department); 225-28 (testimony of Geraldine Dixon, Thomas's sister, that he called her in the late afternoon on October 7, 2006, and they drove around looking for his car and the victim, and also went to the Leon County Sheriff's Office); 254-57 (testimony of Wayne Washington that he picked up John Thomas and they went to work on Saturday,

October 7, 2006, and then he took Thomas back home; when Washington picked up Thomas, they left the victim driving Thomas's car); 231-41, 260-82, 313-21, 372-75, 381, 398, 407-10, 428-31, 501, 530, 546, 548, 608, 611-14 (testimony of Michael Devaney, special agent with Florida Department of Law Enforcement, who investigated crime scene, focused on Thomas and Petitioner, obtained DNA swabs from Thomas and Petitioner; Devaney conducted interviews of Petitioner, which were transcribed and redacted and published to jury, during which Petitioner stated he saw victim the morning of Saturday, October 7, had not seen her in more than a month before then, denied seeing or being in the car, denied killing the victim); 567-69 (testimony of Stephen Sgan, M.D., medical examiner, that he did autopsy on victim and determined cause of death was "homicidal violence with blunt force head trauma" and "as other significant condition, submerged in river"), 605-06 (testimony of Ryan Bennett, crime laboratory analysis with Bureau of Forensic, Fire and Explosives Analysis, that analysis of evidence from crime scene reflected use of gasoline), 658-59 (testimony of Latonya Enzor, friend of victim, that she saw the victim and Petitioner on Friday, October 6 between noon and 1 p.m. at the baseball park at Macomb and Fourth Avenue and they were having "just a casual conversation"); 694-99 (testimony of Claudette Cleary, crime laboratory analyst in biology section at Florida Department of Law Enforcement, that she tested a piece of paper, Exhibit 1-7, from the crime scene that had blood on it and determined the major contributor was the victim and Petitioner "cannot be excluded as a possible contributor to the minor component," John Thomas "is excluded as a possible contributor to this mixture," and upon additional testing it was concluded Petitioner was

the major male donor); 720, 730-35 (testimony of Orrin Battles, Petitioner's brother, that Petitioner told him he was going to meet the victim on the afternoon of Saturday, October 7; he did not see Petitioner again until October 9; a few days later, Petitioner told him that he had "killed her," that Petitioner and the victim were riding, going to Havana and at the Ochlocknee river, they got into an argument and he killed her; he did not immediately tell law enforcement of Petitioner's admission but did so in November 2008 when he was in the Leon County Jail). *See* § 782.04(2), Fla. Stat. (2006) ("The unlawful killing of a human being, when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree and constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084."); Doc. 25 Ex. B at 824 (trial court's instruction to jury: "To prove the crime of second degree murder, the State must prove the following three elements beyond a reasonable doubt: One, victim, Martha Battles, is dead.  Two, the death was caused by the criminal act of defendant, Johnnie Battles.  Three, there was an unlawful killing of victim by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.").

    Petitioner Battles has not demonstrated that the state court's adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent; or that was based on

an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

## Conclusion

Based on the foregoing, Petitioner Johnnie L. Battles is not entitled to federal habeas relief. The amended § 2254 petition (Doc. 7) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner Battles' amended § 2254 petition (Doc. 7).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.  The Clerk shall substitute Michael D. Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on September 2, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**